UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GEORGE D. WOLFE      Plaintiff,

v.      Civil Action No. 3:20-cv-615-DJH

RUSHMORE LOAN MANAGEMENT
SERVICES *et al.*,      Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff George D. Wolfe filed the instant *pro se* action proceeding *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. ALLEGATIONS

Plaintiff names as Defendants Rushmore Loan Management Services, Flagstar Bank, and First Guaranty Mortgage. Plaintiff indicates that the basis for the Court's jurisdiction is federal-question jurisdiction. Where the complaint form requests the filer to list the specific federal statutes or constitutional provisions at issue, Plaintiff states, "Violation of the Quid pro quo law[;] Violation of the Homestead Exemption Act[; and] Violation of the Uniform Commercial Code KRS 132.810(2)(e)." Where the form asks the filer to provide information regarding the basis for diversity jurisdiction, Plaintiff writes "NA" (which the Court presumes to mean "not applicable"), except for the amount in controversy which Plaintiff states is $650,000.

In the Statement of Claim, Plaintiff states, "All three companies have violated the Uniform Commercial Code, the Quid pro quo law and the Homestead Exemption Act in dealing

with my escrow account (Laws attached)." Plaintiff attaches a page which states the following *in toto*:

> Uniform Commercial Code
> One of the Uniform Laws drafted by the National Conference of Commissioners on Uniform State Laws governing commercial transactions (sales of goods, commercial paper, bank deposits and collections, letters of credit, bulk transfers, warehouse receipts, bills of lading, investment securities and secured transactions). The U.C.C. has been adopted by all states, except Louisiana.
>
> Quid pro quo
> What for what; something for something. Used in law for the giving one valuable thing for another. It is nothing more than the mutual consideration which passes between the parties to a contract, and which renders it valid and binding.
>
> Homestead Exemption Act
> KRS 132.810(2)(e) provides the exemption be adjusted for inflation every 2 years.

As relief, Plaintiff seeks "$650,000 paid for damage caused me and my family. Re-imbursement of extra payments paid since November 2018."

## II. ANALYSIS

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").  "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence."  *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006).  Federal courts have an independent duty to determine whether they have jurisdiction and to "'police the boundaries of their own jurisdiction.'"  *Id.* at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).  The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case.  *Kokkonen*, 511 U.S. at 377.  To satisfy this burden, the complaint must allege "the facts essential to show jurisdiction."  *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

In the present case, Plaintiff has not met his burden of establishing federal question jurisdiction under 28 U.S.C. § 1331.  The "well-pleaded complaint" rule requires that "a federal question be presented on the face of the complaint."  *Mich. S. R.R. Co. v. Branch & St. Joseph Ctys.*, 287 F.3d 568, 573 (6th Cir. 2002).  Put another way, "a case arises under [federal-question jurisdiction] when it is apparent from the face of the plaintiff's complaint . . . that the plaintiff's cause of action was created by federal law."  *Id.*; *see also Gunn v. Minton*, 568 U.S. 251, 257,

(2013) ("A case arises under federal law when federal law creates the cause of action asserted."). Therefore, the complaint must show on its face that the cause of action is created by federal law.

Plaintiff alleges violations of the "Quid pro quo law"; the "Homestead Exemption Act"; and the Uniform Commercial Code. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff fails to state any facts to explain what any of the Defendants did or did not do or to explain how any of the laws he cites were violated. Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009). Plaintiff states no factual allegations which support a cause of action created by federal law. Therefore, the complaint fails to establish federal-question jurisdiction.

Additionally, Plaintiff fails to establish diversity jurisdiction. For a federal court to have diversity-of-citizenship jurisdiction pursuant to § 1332, there must be complete diversity—which means that each plaintiff must be a citizen of a different state than each defendant—and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Plaintiff fails to allege facts supporting that the amount in controversy exceeds $75,000. While he states that he is seeking $650,000 in damages, the complaint is devoid of any factual basis to support that amount or facts which suggest that the amount claimed is not merely delusional, rather than a request made in good faith. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Even construed liberally, the complaint contains no facts whatsoever to support the requisite $75,000 amount in controversy. *See McCune v. JPay, Inc.*, No. 2:17-cv-670-CMV-JLG, 2017 U.S. Dist. LEXIS 127026, at *7 (S.D. Ohio Aug. 10, 2017) (holding that plaintiff failed to sufficiently

4

plead diversity jurisdiction where he sought $500,000 in damages but "his allegations fail[ed] to support such a request"), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 135660 (S.D. Ohio, Aug. 24, 2017); *Tiger v. Pynkala*, No. 14-cv-2312-JDT, 2014 U.S. Dist. LEXIS 155247, at *14, n.11 (W.D. Tenn. Oct. 30, 2014) (finding that the plaintiff failed to meet her burden of pleading diversity jurisdiction where she failed to "present clear allegations" that the amount in controversy exceeded $75,000); *Carter v. Night Mgmt. & Gap Prot.*, No. 2:12-cv-780-EAPD-EAS, 2012 U.S. Dist. LEXIS 143796, at *3 (S.D. Ohio Sept. 7, 2012) (finding that the plaintiff failed to sufficiently plead diversity jurisdiction where "her allegations fail[ed] to support her request for millions of dollars"), *report and recommendation adopted*, 2012 U.S. Dist. LEXIS 144025 (S.D. Ohio, Oct. 3, 2012). Therefore, Plaintiff has failed to satisfy the amount-in-controversy requirement, and the complaint fails to support diversity jurisdiction.

Accordingly, Plaintiff has failed to establish that the Court has subject-matter jurisdiction over this action, and the Court will dismiss this action by separate Order.[1]

Date:

cc: Plaintiff, *pro se*
    Defendants
4415.010

---

[1] Plaintiff also filed two letters (Docket Nos. 5 and 6). However, the letters do not bear on the Court's jurisdiction over the matter.